Lawrence F. BRODERICK, Sheriff of Marion County, Indiana, the Marion County Merit Board, Donald E. Gilman, Successor to the Sheriff of Marion County, Indiana and James Wells, Present Sheriff of Marion County, Indiana, Appellants (Plaintiffs Below),

v.

Richard DENBO, (County Policeman) Appellee (Defendant Below).

No. 2–1278A418.

Court of Appeals of Indiana, Fourth District.

Feb. 5, 1981.

Joseph W. Hammes, Magnuson, Dein & Hammes, Donald L. Tunnell, Indianapolis, for appellants.

## ON PETITION FOR REHEARING

MILLER, Judge.

This Court sustained the appeal of the plaintiff-appellants, the Marion County Merit Board and the present Marion County Sheriff, James Wells, and reversed the trial court's decision so as to provide Wells and the Board the total and complete relief they requested from both the trial court and this Court—the approval of two sets of promotions of county police officers from acting to permanent ranks. *Broderick v. Denbo*, 413 N.E.2d 948 (Ind.App., 1980).[1] Ironically, Wells and the Board now petition for a rehearing challenging our decision in their favor. The primary error alleged is that this Court issued its opinion after Wells and the Board filed a voluntary Motion to Dismiss the above issue as being moot.[2]

After considering the alleged errors as well as the memorandum filed by Wells and the Board in support of their petition, we find their petition should be denied.

This appeal was filed in this Court in December, 1978. The issue involving Wells and the Board, referred to in their Motion

1. We also determined the trial court erred in holding Sheriff Donald E. Gilman in contempt for failing to appear as ordered at the trial court's second hearing of their complaint. *Broderick v. Denbo, supra*. Neither Wells nor former Sheriff Gilman challenge our opinion on this second issue through a Petition for Rehearing.

2. Additional errors allegedly committed by this Court are that we:

 a) failed to vacate our order granting oral argument prior to issuing the opinion;

 b) "held" Donald L. Tunnell to be counsel for the Marion County Merit Board after Joseph W. Hammes filed his appearance as counsel for the Board; and

 c) delayed recognizing James L. Wells as the legal successor to Lawrence F. Broderick and Donald Gilman as Sheriff of Marion County, Indiana in their capacity as the representative-plaintiff/appellant until the opinion in this case was issued thereby denying Sheriff Wells an opportunity to be heard by this Court.

to Dismiss, concerned the propriety of the trial court's disapproval of promotions of certain deputy sheriffs from acting to permanent ranks since the court felt the promotions violated its earlier injunction *prohibiting any promotions*. James Wells, the duly elected Sheriff of Marion County, took office on January 1, 1979. In the course of the proceedings before this Court, oral argument was set for November 14, 1979. However, on November 13, Mr. Joseph W. Hammes, the current attorney for the Board and Wells, moved to continue the oral argument on the basis that he had recently been appointed attorney for the Board and Wells (on October 20, 1979) and needed more time for preparation. This motion was granted, this Court noting that oral argument would be rescheduled for a later date. On the same day Mr. Hammes filed his appearance for the Board but not for Wells as he had not as yet been joined as a party in the appeal. Subsequently, further review of the record of proceedings in this cause by this Court led to the determination that oral argument was unnecessary. Consequently, such argument was not rescheduled. After extensive research and a detailed examination of the record, the decision was prepared by the writing judge, submitted and discussed with other judges on the panel and scheduled for issuance on December 18, 1980. In the interim, on October 13, 1980, a joint motion by all the parties to substitute Wells for Sheriff Gilman as the representative-plaintiff/appellant and Mr. Hammes's appearance for Wells were filed with this Court.[3] During this period no Motion to Dismiss surfaced.

Of particular significance here is the fact this Court of Appeals has adopted as a policy the practice of notifying by mail both "lead" counsel and the trial judge of an impending issuance of a decision of this Court, indicating the date the opinion will be issued in the office of the Clerk of the Supreme Court and Court of Appeals. This notice provides the parties an opportunity to obtain said decision in the Clerk's office on the day of issuance instead of waiting until the copy mailed from the Clerk's office is received, or, alternatively, hearing the result of the opinion through the news media.

On Tuesday, December 16, 1980 the Administrator of this Court, pursuant to our declared policy, gave such notification indicating that a decision had been reached and the opinion would be issued on Thursday, December 18, 1980. Admittedly, while Mr. Hammes may not have received such notice (as it conceivably could have been sent to Mr. Donald L. Tunnell, Mr. Hammes's predecessor as Wells's and the Board's attorney and the current attorney for Sheriff Gilman), Mr. Hammes does not claim in his Petition for Rehearing that he failed to receive actual notice or that he was not informed of our impending decision by others who did receive such notice.

At approximately 4:30 p. m. (the usual closing time of the Clerk's office) on Wednesday, December 17, Mr. Hammes filed a Motion to Dismiss the issue in question. Pursuant to normal procedures, the opinion of the Court was delivered to the Clerk's office during its opening hours on December 18, 1980. Mr. Hammes did not contact the Commissioner of this Court indicating that a dismissal motion was being filed nor requesting that the opinion be withheld until Wells's allegedly meritorious motion was considered and ruled upon. Consequently, the judges on the panel were unaware of said motion until after the opinion was issued.[4] It was the opinion of this

---

3. *This motion was filed 22 months after Wells assumed the duties of his office. Mr. Hammes's appearance as counsel was filed 11 months after he assumed the duties as counsel for the Board and Wells. The reason for the delayed filing of the motion and appearance is not apparent from the record before us.*

4. We note in this regard that between 3,000 and 4,000 motions of various kinds are filed with this Court in the course of a year. Our Clerk has no record of the assignment of cases to a particular writing judge and all such motions are forwarded to the Administrator of this Court and routed to the appropriate judge. Obviously, unless counsel directly notifies appropriate personnel (i. e., the Administrator or

Court that such motion was improvidently filed and it was denied on December 18, 1980.

An examination of Mr. Hammes's Motion to Dismiss is most revealing. Attached to the motion is the supporting affidavit of the appellee, Richard Denbo, wherein he acknowledged service of a copy of the Motion to Dismiss, stating he had no objection. Mr. Denbo took that oath on June 18, 1980 —nearly six months before Mr. Hammes filed the motion. Of further interest is the certificate of service attached to the motion, signed by Mr. Hammes, which certifies that the entire motion was later mailed to Mr. Denbo on October 8, 1980—more than two months before filing with the Clerk of this Court.[5]

Thus, the record before us reveals that, although Mr. Hammes had what might appear to be a meritorious cause for dismissal of the issue in question, he withheld this information for a period of six months and for a reason not revealed by the record. When the motion was filed, such filing was within what *effectively* amounted to minutes of the actual time of issuance of the decision.

■ We are compelled to comment that counsel appearing in judicial proceedings at both the trial and appellate level do a disservice to those courts, opposing parties and other persons utilizing the facilities of the courts by failing to inform such courts promptly when issues either become moot, should be dismissed for good cause or stayed pending possible settlement. This type of cooperation would forestall the unnecessary expenditure of the courts' time and effort and enable them to direct their attention to matters of significance. Returning to the case before us, even had Mr. Hammes filed his motion within such time

as would have enabled us to withdraw our impending decision, such action still would have been untimely in the sense that Mr. Hammes displayed a lack of consideration for this Court, which had extended time and effort in preparing its decision, by withholding his *prepared* Motion to Dismiss for six months.[6]

Based on the above, we affirm our conclusion that the Motion to Dismiss was not timely filed. Wells and the Board are not entitled to a rehearing based on our alleged failure to consider such motion before issuing our decision.

■ The other alleged errors in the Petition for Rehearing are meritless. We failed to correctly list Mr. Hammes as the substitute attorney for the Board, we have notified the appropriate publishers of our opinion of this error. Obviously this is not cause requiring the reconsideration of the merits of this appeal.

■ As noted earlier, oral argument in this case was continued at the request of Mr. Hammes. We later determined that such argument was unnecessary. This was within our discretion. Ind.Rules of Procedure, Appellate Rule 10(A). Our action in this regard does not constitute error.

■ Finally, we are unable to perceive how the failure to substitute Wells as a party until the opinion was decided constitutes an error necessitating a rehearing.[7] The result of this case sustaining Wells's position on the merits indicates that the office of the Sheriff of Marion County and the Board were adequately represented by counsel.

The Petition for Rehearing is denied.

YOUNG, P. J., and CHIPMAN, J., concur.

the Commissioner) of this Court of matters requiring immediate attention, there must necessarily be some delay until the matter is considered by the judges of the particular district to which the motion is directed.

5. Incidentally, the certificate did not certify that Mr. Tunnell, Sheriff Gilman's attorney was also served a copy of the motion.

6. In this regard we note that it is common practice for parties considering settlement to file a pleading with this Court requesting a stay of the appeal.

7. We granted substitution in the text of our opinion.