Lawrence F. BRODERICK, Sheriff of Marion County, Indiana, the Marion County Merit Board, Donald E. Gilman, Successor to the Sheriff of Marion County, Indiana and James Wells, Present Sheriff of Marion County, Indiana, Appellants (Plaintiffs Below),

v.

Richard DENBO, (County Policeman), Appellee (Defendant Below).

No. 2–1278A418.

Court of Appeals of Indiana, Fourth District.

July 15, 1981.

Joseph W. Hammes (Magnuson, Dein & Hammes) Indianapolis, for appellant James L. Wells and Marion County Merit Bd.

Donald L. Tunnell, Indianapolis, for appellant Donald E. Gilman.

MILLER, Judge.

ORDER IN COMPLIANCE WITH SUPREME COURT'S ORDER ON APPELLANTS' PETITION TO TRANSFER

On December 18, 1980 this Court issued its initial opinion in the above cause (*Broderick v. Denbo*, (1980) Ind.App., 413 N.E.2d 948) in which we resolved two issues:

1) Whether certain promotions by the Marion County Sheriff's Department violated an earlier trial court order restricting promotions without prior court approval?

2) Whether the trial court erred in finding Sheriff Gilman in contempt for failure to appear at a court hearing? Our opinion determined the trial court acted improperly with respect to both issues.

On February 5, 1981 we issued an opinion (*Broderick v. Denbo*, (1981) Ind.App., 416 N.E.2d 175) in response to a Petition for Rehearing by Appellants in which they claimed that this Court erred in failing to dismiss Issue One of the appeal for the reason that a Motion to Dismiss this issue, agreed to by all parties, had been filed the day before the original opinion was handed down.[1] Appellants further stated that said Motion to Dismiss had not been filed earlier because this Court had not acted on a Motion, filed October 13, 1980, by Sheriff James Wells, to be substituted as a Party Appellant. Wells' Motion was granted in our December 18, 1980 decision. We denied

this Petition for Rehearing in our published opinion.

Subsequently, Appellants filed with our Supreme Court their Petition to Transfer. On June 10, 1981 the Supreme Court, Cause No. 681 S 161, issued its Order Granting Appellants' Petition for Transfer With Instructions which contained the following findings and instructions to this Court:

"THIS COURT BEING DULY ADVISED IN THE PREMISES now finds that the problems in this case could have been averted. However, since there was a Joint (for practical purposes) Motion of Appellants and Appellee for Substitution of Party as to Issue One on file some two (2) months before the issuance of the Court of Appeals's opinion in this case, this Court believes counsel for Sheriff Wells was justified in believing he should wait on the Granting of the Motion to Substitute or he would not have authority to file a Motion to Dismiss the appeal as to Issue One.

We would note that it would have been better for Sheriff Wells to tender a 'Motion to Dismiss' along with a 'Petition to be Substituted as a Party' at the time the affidavit of Denbo was obtained.

Accordingly, this Court now GRANTS 'Appellants' Petition for Transfer' and directs the Court of Appeals to:

1. Vacate its opinion, as to Issue One filed December 18, 1980, in Cause No. 2–1278 A 418; and

2. Vacate its opinion on rehearing filed February 5, 1981, under Cause No. 2–1278 A 418; and

3. Grant 'Appellants' Motion to Dismiss Issue One' filed on December 17, 1980."

Pursuant to this Order this Court does now:

1. Vacate its opinion, as to Issue One only, filed December 18, 1980 in Cause No. 2–1278 A 418 and as published in 413 N.E.2d 948;

---

1. Appellants' Motion to Dismiss Issue One was filed with the Clerk of the Supreme and Appellate Courts on December 17, 1981 at 4:30 P.M. It was not received by this District until after our opinion was officially handed down on December 18, 1981. We denied the Motion to Dismiss as improvidently filed.

2. Vacate its opinion on rehearing filed February 5, 1981, under Cause No. 2–1278 A 418 and published in 416 N.E.2d 175; and

3. Grant Appellants' Motion to Dismiss Issue One filed on December 17, 1980.

YOUNG, P. J., and CHIPMAN, J., concur.