**STEWART & IRWIN, Appellant–Respondent,**

v.

**JOHNSON REALTY, INC.,**
**Appellee–Petitioner,**

**JOHNSON REALTY, INC.,**
**Plaintiff Below,**

v.

**INDIANA NATIONAL BANK, f/n/a**
**Lafayette National Bank,**
**Defendant Below.**

No. 54A05–9303–CV–107.

Court of Appeals of Indiana,
Fifth District.

Dec. 21, 1993.

Rehearing Denied Feb. 3, 1994.

Steven G. Cracraft, Ann M. Cassidy, Stewart & Irwin, Indianapolis, for appellant-respondent.

Dennis F. McCrosson, Stilwell McCrosson & Life, Indianapolis, for appellee-petitioner.

RUCKER, Judge.

The law firm of Stewart & Irwin appeals the trial court's order requiring it to pay into the Clerk of the court proceeds from a settlement negotiated on behalf of a former client. We address the following rephrased issues: 1) did the trial court have personal jurisdiction over the law firm, and 2) where an attorney asserts a retaining lien over funds in his possession, may the trial court order the funds deposited with the Clerk of the court.

We affirm.

The record in this case reveals the following. Represented by Stewart & Irwin, Johnson Realty, Inc., filed suit against Indiana National Bank for the return of certain property. After extensive negotiations the parties entered an oral settlement agreement under which the Bank agreed to return the property and pay Johnson Realty the sum of ten thousand dollars ($10,-000.00). In exchange, Johnson Realty agreed to sign and file with the trial court a stipulation voluntarily dismissing the action and to execute a release of claims in favor of the Bank.

The Bank complied with the terms of the settlement agreement. However, Johnson Realty refused to execute a release of claims or to sign and file the stipulation dismissing the action. According to Johnson Realty, Stewart & Irwin was not authorized to agree to the settlement. Johnson Realty discharged Stewart & Irwin and hired another law firm.

The Bank filed a motion with the trial court to enforce the settlement agreement. After conducting an evidentiary hearing, the trial court ordered Johnson Realty to execute a release of claims in favor of the Bank and to file with the court a stipulation dismissing the lawsuit. Johnson Realty's substitute counsel then requested that Stewart & Irwin forward the settlement funds then held in their trust account. Stewart & Irwin refused contending it was asserting an attorney's retaining lien over the funds. In response, Johnson Realty filed a motion with the trial court seeking an order that the funds be deposited with the Clerk of the court. The trial court granted the motion. Stewart & Irwin filed a motion to reconsider which the trial court denied. This interlocutory appeal ensued.

Stewart & Irwin first contends the trial court lacked personal jurisdiction over the law firm. According to Stewart & Irwin, a court only acquires jurisdiction over a person when it is properly served with summons or enters an appearance. Stewart & Irwin argues that it has never been served with process and has not entered an appearance in this matter. Thus, the argument continues, the trial court did not acquire jurisdiction for purposes of adjudicating a dispute between Stewart & Irwin and Johnson Realty and could not mandate a prejudgment order of possession. Stewart & Irwin's argument lacks merit.

■ First, we do not agree that the trial court was adjudicating a fee dispute when it ordered Stewart & Irwin to "pay into the Court [t]he sum of $10,000.00 now on deposit in its escrow account in support of the settlement in the cause." *Record* at 12. Rather, the trial court was merely supplementing its earlier order directing Johnson Realty to execute a release of claims in

favor of Indiana National Bank and to sign and file a stipulation dismissing the lawsuit.

▮ Second, even assuming the trial court was resolving a fee dispute it nonetheless acquired jurisdiction over Stewart & Irwin without the necessity of Johnson Realty filing a complaint and summons. Attorneys are officers of the court in which they represent their clients and thus the attorneys are at all times subject to that court's supervision. *King v. Ransburg* (1942), 111 Ind.App. 523, 39 N.E.2d 822, *reh'g denied,* 111 Ind.App. 523, 40 N.E.2d 999. Further, an attorney may be ordered to relinquish money, papers or other documents based upon an aggrieved party filing a motion to that effect even where the attorney is not named as a party in the underlying action. *See McKim v. State* (1988), Ind.App., 528 N.E.2d 484, *citing* Ind.Code § 34-1-60-10. In this case, counsel on behalf of Johnson Realty filed a motion with the trial court seeking to compel Stewart & Irwin to deposit certain funds with the Clerk of the court. The trial court acquired summary jurisdiction over Stewart & Irwin without the necessity of Johnson Realty first serving the law firm or members thereof with a complaint and summons. We find no error on this issue.

Stewart & Irwin next complains the trial court erred in ordering the firm to pay the settlement proceeds into the Clerk of the court. According to Stewart & Irwin, the firm has a valid retaining lien over the proceeds and should be entitled to apply the funds to the account balance Johnson Realty owes the firm for legal services rendered in the underlying lawsuit.

▮ It is well settled that an attorney has a right to retain possession of a client's documents, money or other property which come into the hands of the attorney professionally, until a general balance due the attorney for professional services has been paid. *State ex rel. Shannon v. Hendricks*

*Circuit Court* (1962), 243 Ind. 134, 183 N.E.2d 331, 333. An attorney's retaining lien has been compared to a mechanic's or artisan's lien whereby a lawyer is afforded the same advantages enjoyed by other workers who labor on behalf of another. *Bennett v. NSR, Inc.* (1990), Ind.App., 553 N.E.2d 881. The lien is a creature of common law and depends upon the attorney's possession of certain documents, property or monies. Thus, if possession is voluntarily relinquished to the client, then the retaining lien is lost. *See e.g., Republic Underwriters Ins. Co. v. Duncan* (1985), Okl., 713 P.2d 568.

▮ In this case Stewart & Irwin has not voluntarily relinquished control of the monies in its possession to Johnson Realty, a former client. Indeed, the trial court did not order Stewart & Irwin to relinquish control of the monies to its former client. Rather, the trial court ordered Stewart & Irwin to deposit the now disputed funds with the Clerk of the court.[1] Therefore, for at least two reasons the law firm maintains its attorney's retaining lien: (1) the act of dispossession is in compliance with a court order and thus not voluntary, and (2) the Clerk of the court retains the funds on behalf of Stewart & Irwin and subject to the law firm's lien. We specifically hold that an act of an attorney, as an officer of the court, in depositing a check payable to a client with the Clerk of the court in connection with the attorney's claim against the client for legal fees, is not a release of possession which destroys the attorney's retaining lien.

In sum, Stewart & Irwin's retaining lien is not extinguished merely because the Clerk of the court rather than the law firm maintains possession of the settlement proceeds. The effect of the trial court's order only changes the situs of the funds, not the validity of the lien. The Clerk of the court holds the proceeds subject to the lien and

1. Although we doubt whether a trial court may properly order an attorney to turn over to a client monies in the attorney's possession over which a retaining lien is claimed, we do not address that issue here.

its value must be properly determined prior to any disbursement.

Judgment affirmed.

SHARPNACK, C.J., and CHEZEM, J., concur.