Richard WILLIAMS, Appellant–Defendant,

v.

STATE of Indiana ex rel. Felecia Y. HARRIS, Angelia D. Boyd, and Lisa A. Fuller, Appellees–Plaintiffs.

No. 48A02–9710–JV–664.

Court of Appeals of Indiana.

Dec. 24, 1997.

Christopher A. Cage, Hulse Lacey Hardacre Austin & Shine, P.C., Anderson, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Andrew L. Hedges, Deputy Attorney General, Indianapolis, for Appellees–Plaintiffs.

## OPINION

NAJAM, Judge.

### FACTS AND PROCEDURAL HISTORY

On September 17, 1996, Richard Williams attended child support review hearings concerning three separate support orders. During those hearings, the trial court notified the parties that the next review hearing would be held on April 17, 1997. Williams also received written notification of the hearing date. Williams failed to appear at the hearing, and the court issued a direct contempt citation for Williams' failure to appear and for his failure to pay child support. He was later arrested and detained at the Madison County Jail pending court review. The court then ordered that Williams serve thirty days in jail or pay $1,000.00 in lieu of executed time. The sole issue presented for our review is whether the trial court abused its discretion when it held Williams in direct, rather than indirect, contempt.

We reverse and remand.

### DISCUSSION AND DECISION

#### Standard of Review

The determination of whether a party is in contempt of court is a matter within the sound discretion of the trial court. *Jackson v. State,* 644 N.E.2d 607, 608 (Ind. Ct.App.1994), *trans. denied.* We will reverse the trial court's determination only if the court has abused its discretion. *Id.* A court has abused its discretion when its decision is against the logic and effect of the facts and circumstances before the court or is contrary to law. *See id.*

Williams contends that the trial court abused its discretion when it found him in direct contempt for failure to appear and for failure to comply with the court's child support order. He maintains that the court could have, at most, cited him for indirect contempt, thus triggering the procedure for indirect contempt set forth in Indiana Code §§ 34-4-7-3 to 34-4-8-1.. The State counters that it within a court's discretion to hold an individual in direct contempt "for any act that manifests a disrespect and defiance of a court," including a party's failure to appear. Brief of Appellee at 2. We disagree with the State's contention.

There are two types of contempt, direct and indirect. Direct contempt has been defined as:

[C]onduct directly interfering with court proceedings while court is in session, including creation of noise or confusions, disrespectful conduct and refusing to take the witness stand in a trial. It has been stated in the cases defining such contempt that such conduct must take place in or immediately adjacent to the courtroom and while court is in session, so that the judge has personal knowledge of such conduct in his official capacity.

*Curtis v. State,* 625 N.E.2d 496, 497 (Ind.Ct. App.1993) (citations omitted). Courts have inherent power to punish summarily acts of direct contempt without formal charges or an evidentiary hearing. *In re Nasser,* 644 N.E.2d 93, 95 (Ind.1994). The purpose of this power is to enable the court to protect itself against "gross violations of decency and decorum." *Id.* To constitute direct contempt, the act must be within the judge's personal knowledge, although it does not necessarily have to occur inside the court or during a judicial proceeding. *Hopping v. State,* 637 N.E.2d 1294, 1296-97 (Ind.1994), *cert. denied,* 513 U.S. 1017, 115 S.Ct. 578, 130 L.Ed.2d 493 (1994).

Acts of indirect contempt, on the other hand, are those "which undermine the activities of the court but fail to satisfy one of the other direct contempt requirements." *Id.* (quoting *Hopping,* 637 N.E.2d at 1296); *see* IND. CODE §§ 34-4-7-3 to 34-4-7-5.[1] Indirect contempt proceedings require appointment of a special judge and an array of due process protections, including notice and an opportunity to be heard. *Id.;* IND. CODE §§ 34-4-7-9, 34-4-8-1.

In support of its argument, the State directs us to our supreme court's opinion in *In re Nasser,* 644 N.E.2d at 93. In that case, an attorney was held in direct contempt for failing to appear at a judicial proceeding. *Id.* at 94. The State insists that like the attorney in *In re Nasser,* Williams may be held in direct contempt for his failure to appear. However, our case law on this issue has established that while an attorney's failure to appear may give rise to a direct contempt citation, it must be coupled with the attorney's subsequent failure to provide the court with a sufficient explanation for his failure to appear. *Curtis,* 625 N.E.2d at 497. The Court stated in *In re Nasser:*

Nasser was properly punished for direct contempt.... The trial judge obtained personal knowledge of the contemptuous act, *critical to a finding of direct contempt,* when Nasser provided an insufficient explanation for his absence.

*Id.* at 96 (emphasis added).

We do not equate the failure of an attorney to appear with that of a layman. Attorneys are officers of the court, and as such, should be held to a higher standard of conduct. *See Stewart & Irwin v. Johnson Realty, Inc.,* 625 N.E.2d 1305, 1307 (Ind.Ct. App.1993) (attorneys, as officers of court, are subject to court's supervision at all times). Regardless, unlike the attorney in *In re Nasser,* Williams was not given an opportunity to explain his absence and to purge himself of

---

1. As noted, there are several statutory provisions which define the acts that constitute indirect contempt. The most relevant provision to the present case provides:

Every person who shall be guilty of any wilful disobedience of any process, or any order lawfully issued by any court of record, or by the proper officer thereof, under the authority of law, or the direction of such court, after the same shall have been served upon him, shall be guilty of an indirect contempt of the court from which such process or order shall have issued.

IND. CODE § 34-4-7-3.

the contempt. Therefore, the judge did not possess personal knowledge of William's allegedly contemptuous act, which is "critical to a finding of direct contempt." *Id.* We conclude that the trial court abused its discretion when it held Williams in direct contempt for failing to appear. *See Levick v. State,* 224 Ind. 561, 561, 69 N.E.2d 597, 597 (1946) (litigant's failure to appear constitutes indirect contempt); *Broderick v. Denbo,* 413 N.E.2d 948, 956 (Ind.Ct.App.1980), *vacated in part,* 422 N.E.2d 1334 (1981). Rather, the court may hold Williams in indirect contempt provided that it follows the applicable statutory procedure.

We also conclude that Williams' failure to comply with the court's child support order did not constitute direct contempt. Indiana Code § 34–4–7–3 states that the *wilful disobedience* of a court order constitutes indirect contempt. (emphasis added); *see* n. 1, *supra.* The proper procedure before holding a parent in contempt for an alleged failure to comply with a child support order is for the court to issue a rule to appear and show cause. *See* IND. CODE § 34–4–7–8; *see also Moore v. Ferguson,* 680 N.E.2d 862 (Ind.Ct.App.1997), *trans. denied.* In addition, Williams' failure to pay child support did not cause a "disturbance or disruption or palpable offense to the proceedings," nor was it within the judge's personal knowledge. *See In re Marriage of Neiswinger,* 477 N.E.2d 257, 260 (Ind.1985); *Curtis,* 625 N.E.2d at 497. Thus, Williams was denied due process, and the court abused its discretion when it held Williams in direct contempt for his allegedly wilful disobedience of the support order. We vacate Williams' contempt citations and remand the case to the trial court for indirect contempt proceedings in the manner provided by law.

Reversed and remanded.

BAKER and RUCKER, JJ., concur.