Phillip C. RICE, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 44A03–0612–CR–591.

Court of Appeals of Indiana.

July 24, 2007.

Publication Ordered Sept. 20, 2007.

Darren Bedwell, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Zachary J. Stock, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

KIRSCH, Judge.

Phillip C. Rice appeals the trial court's finding of contempt against him. He raises two issues:

I. Whether the trial court erred in holding Rice in contempt for failure to appear for a scheduled sentencing hearing.

II. Whether Rice was denied the right to counsel at the contempt proceeding.

We reverse.

## FACTS AND PROCEDURAL HISTORY

Rice was charged under three different cause numbers with two counts of maintaining a common nuisance, two counts of possession of marijuana, one count of robbery, and one count of battery. Pursuant to a written plea agreement, on June 6, 2006, he pled guilty to two counts of maintaining a common nuisance, each as a Class D felony, and one count of possession of marijuana as a Class A misdemeanor. The remaining charges were dismissed. The trial court, with a senior judge presiding, decided to take the plea agreement under advisement and left the decision on whether to approve it to the usual sitting judge. The trial court also set a sentencing hearing for September 7, 2006 at 8:30 a.m.

On September 7, 2006, Rice did not appear for the sentencing hearing, and the trial court issued a warrant for his arrest for failure to appear. At that time, the trial court also allowed Rice's trial counsel to withdraw his appearance. Rice was arrested on September 18, 2006, and on September 21, he appeared before the trial court, unrepresented by counsel. The trial court accepted Rice's plea agreement and sentenced him in accordance with its terms. It also found Rice to be in contempt of court under all three cause numbers for failing to appear for the September 7 sentencing hearing and sentenced him to three sixty-day sentences to be served consecutively to each other and to his original sentence under the plea agreement. Rice now appeals.

## DISCUSSION AND DECISION

### I. Direct Contempt

When reviewing a finding of contempt, we accept as true the statement entered by the trial court. *Davidson v. State,* 836 N.E.2d 1018, 1020 (Ind.Ct.App. 2005) (citing *In re Nasser,* 644 N.E.2d 93, 95 (Ind.1994)). Appellate courts will only interfere with the judgment where it clearly appears that the acts do not constitute contemptuous acts. *Id.* "Contemptuous acts are those in opposition to a court's authority, justice, and dignity." *Nasser,* 644 N.E.2d at 95. "Any act related to a current or pending proceeding that tends to deter the court from the performance of its duties may support a finding of contempt." *Id.*

Direct contempt includes "actions occurring near the court, interfering with the business of the court, of which the judge has personal knowledge." *Hopping v. State*, 637 N.E.2d 1294, 1296 (Ind.1994), *cert. denied.* Courts have the inherent power to punish acts of direct contempt summarily, without formal charges or an evidentiary hearing. *Davidson*, 836 N.E.2d at 1020. The purpose of this power is to enable the court to protect itself against "gross violations of decency and decorum." *Nasser*, 644 N.E.2d at 95. Acts of indirect contempt are those acts " 'which undermine the activities of the court but fail to satisfy one of the other direct contempt requirements.'" *Id.* (quoting *Hopping*, 637 N.E.2d at 1296). Indirect contempt proceedings require appointment of a special judge and other due process protections, including notice and an opportunity to be heard. *See* IC 34–47–3–5; IC 34–47–3–6.

Rice argues that the trial court erred when it found him in direct contempt. He contends that under precedent of this court, a layperson litigant's failure to appear at a court proceeding is an act of indirect contempt and not of direct contempt. The State counters that Rice's status as a layperson should not shield him from the trial court's exercise of its direct contempt power. The State relies on our Supreme Court's decision in *In re Nasser* for its contention. In *Nasser*, an attorney was found to be in direct contempt for failing to appear at the scheduled jury trial of his client. 644 N.E.2d at 94. The State believes that *Nasser* should be extended to include criminal defendants because criminal defendants are no less an integral part of a criminal proceeding than the defense attorney. We disagree.

In *Williams v. State ex rel. Harris*, 690 N.E.2d 315 (Ind.Ct.App.1997), this court held that a layperson litigant could not be found in direct contempt for failing to appear for a scheduled court hearing. *Id.* at 318. In that case, we stated that a layperson's failure to appear at a court hearing does not equate with an attorney's failure to appear. *Id.* "Attorneys are officers of the court, and as such, should be held to a higher standard of conduct." *Id.* We believe that this same reasoning applies in this case. A non-attorney is not as knowledgeable of court procedures and rules as an attorney and, therefore, should not be held to the same higher standard of conduct. A non-attorney is also not as integral to the court proceedings as an attorney; many hearings can be accomplished without the presence of the litigant. Thus, we conclude that Rice's failure to appear at the September 7 sentencing hearing was not direct contempt, and we reverse his contempt citations.[1]

## II.  Right to Counsel

The Sixth Amendment to the United States Constitution and Article 1, Section 13 of the Indiana Constitution guarantee a criminal defendant the right to appointed counsel. *Jones v. State*, 783 N.E.2d 1132, 1138 (Ind.2003) (citing *Faretta v. California*, 422 U.S. 806, 845, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)). "Accordingly, when a criminal defendant waives his right to counsel and elects to proceed pro se, we must decide whether the trial court properly determined that the defendant's waiver was knowing, intelligent, and voluntary." *Id.* Waiver of the assistance of

---

1.  Our review of the record does not indicate that the procedural requirements necessary for a finding of indirect contempt were followed. *See Boggs v. State*, 179 Ind.App. 607, 614, 386 N.E.2d 992, 997 (1979) (holding evidence insufficient to show direct contempt and no basis for indirect contempt because of failure to meet procedural requirements).

counsel may be demonstrated based upon the particular facts and circumstances of each case, including the background, experience, and conduct of the accused. *Id.* Although guidelines for a trial court to advise the defendant when he considers self-representation have been suggested, it is sufficient for the trial court to "acquaint the defendant with the advantages to attorney representation and the drawbacks of self-representation." *Id.* A record of waiver must be established, and a pro se defendant should be told about the dangers of and disadvantages of self-representation. *Id.*

Here, the record demonstrates that the trial court did not advise Rice of the dangers of self-representation. At the September 21, 2006 hearing, Rice appeared without counsel because his counsel had previously withdrawn. At the hearing, the trial court asked Rice if he wanted a public defender to represent him, and Rice responded that he did not. *Tr.* at 22. The trial court then proceeded to allow Rice to read through his pre-sentence report. When Rice has finished, the trial court stated:

> Mr. Rice, now here's what I have in mind and before you say anything you want to listen. What it appears to me is that you still have these three cases and I'd be inclined to find you in contempt on each of those three and give you sixty days and then also accept that plea agreement. Now, while you're digesting what I just said I'll ask you a simple question. Do you want to go forward and then have me sentence you today or would you like to ask for an attorney and come back on another day?

*Id.* at 22–23. Rice then responded that he wanted to be sentenced on that day. *Id.* at 23. The trial court then proceeded to find Rice in contempt under all three cause numbers for failing to appear on September 7 and to sentence him. Nowhere in the record did the trial court engage in an advisement of the disadvantages of Rice continuing without an attorney. We therefore conclude that Rice's waiver of his right to counsel was not knowing, intelligent, and voluntary.

Reversed.

DARDEN, J., and MATHIAS, J., concur.

### ORDER

On July 24, 2007, the Court handed down its opinion in this appeal marked Memorandum Decision, Not for Publication. The Appellant, by counsel, has filed a Motion to Publish Memorandum Decision. The Appellant states that this Court's opinion meets the criteria for publication under Ind. Appellate Rule 65 (A)(1).

Having considered the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. The Appellant's Motion to Publish Memorandum Decision is GRANTED, and this Court's opinion heretofore handed down in this cause on July 24, 2007, marked Memorandum Decision, Not for Publication is now ORDERED PUBLISHED.

KIRSCH, DARDEN and MATHIAS, JJ., concur.