**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**SUZY ST. JOHN**
Marion County Public Defender
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

FILED
Oct 19 2012, 9:19 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

BRANDON BOLES,          )
                        )
    Appellant-Defendant,   )
                        )
      vs.              )    No.  49A02-1203-CR-226
                        )
STATE OF INDIANA,       )
                        )
    Appellee-Plaintiff.    )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Rebekah Pierson-Treacy, Judge
Cause No. 49F19-1004-CM-28136

**October 19, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Brandon Boles received a suspended sentence for public intoxication and was also ordered to complete twenty-four hours of community service. Boles failed to appear for a compliance hearing, and the trial court issued a warrant for his arrest. After he was arrested, a new compliance hearing was scheduled. The trial court sentenced him to ten days for his failure to complete community service and ruled that the time that he had already served was punishment for his failure to appear. Boles appeals, arguing that the trial court erred by treating his failure to appear as a matter of direct contempt. The State does not contest Boles's argument on appeal, and we reverse the finding of contempt.

**Facts and Procedural History**

On April 7, 2010, Boles was charged with criminal mischief and public intoxication in Marion County. On September 9, 2010, Boles pled guilty to public intoxication in exchange for dismissal of the criminal mischief charge. Boles agreed to a sentence of 180 days, all suspended except for time served. He also agreed to complete twenty-four hours of community service, and in the event that he failed to complete his community service, he agreed to serve at least three days for every eight hours not completed. The trial court accepted the plea agreement and sentenced Boles accordingly. The court set a compliance hearing for November 1, 2010. Boles moved to continue the compliance hearing, and it was reset for November 15, 2010. Boles failed to appear for that hearing, and the court issued a warrant for his arrest.

Boles was arrested February 27, 2012, and a compliance hearing was held on

2

February 28, 2012. Boles indicated that he had failed to appear for the November 2010 compliance hearing because he was incarcerated in Hancock County Jail at that time. Boles admitted that he had not completed any community service and indicated that he mistakenly believed that he would not have been released from jail if he had any criminal matters still pending.

The trial court sentenced Boles to ten additional days in jail for failing to complete his community service. Boles requested credit for two days, the time that he had served since his arrest. The court disagreed because those days were served "because he failed to appear in court and had a warrant issued and was picked up on the warrant." Tr. at 17. The court later clarified that it considered those two days punishment for contempt of court and that it was relying on *Bellamy v. State*, 952 N.E.2d 263 (Ind. Ct. App. 2011), *trans. denied*, in support of its ruling. Boles now appeals.

## Discussion and Decision

Boles argues that the trial court erred by treating his failure to appear as a matter of direct contempt and by not giving him the opportunity to explain the reason for his failure to appear before serving time for contempt. When reviewing a finding of contempt, we accept as true the statement entered by the trial court. *Id*. at 266. We will reverse only when it clearly appears that the act does not constitute a contemptuous act. *Id*. "Contemptuous acts are those in opposition to a court's authority, justice, and dignity." *Id*. (quoting *In re Nasser*, 644 N.E.2d 93, 95 (Ind. 1994)). "Direct contempt includes those actions occurring near the court, interfering with the business of the court, of which the judge has personal knowledge.

3

Courts have inherent power to punish summarily acts of direct contempt without formal charges or an evidentiary hearing." *Id*. (citation omitted).

> Acts of indirect contempt, on the other hand, are those which undermine the activities of the court but fail to satisfy one of the other direct contempt requirements. Indirect contempt proceedings require appointment of a special judge and an array of due process protections, including notice and an opportunity to be heard.

*Id*. (citation and quotation marks omitted).

In *Bellamy*, a criminal defendant appeared late for his trial, although he had previously been warned that he would be found in contempt and taken into custody if he failed to timely appear. The trial court found him in direct contempt and ordered him to serve five days in jail. Bellamy appealed, arguing that the trial court erred by finding him in direct contempt. We acknowledged that previous cases had held that a non-attorney may not be found in direct contempt for failing to appear for a scheduled court hearing. *Id*. at 267 (citing *Rice v. State*, 874 N.E.2d 988, 991 (Ind. Ct. App. 2007), and *Williams v. State ex rel. Harris*, 690 N.E.2d 315, 317-18 (Ind. Ct. App. 1997)). We distinguished those cases on the ground that Bellamy had received an explicit, prior warning that failure to timely appear would be punished by a contempt finding and incarceration; therefore, we affirmed the trial court. *Id*.

The record in Boles's case does not reflect that he received such a warning. The State concedes as much and also acknowledges that the record indicates that Boles was incarcerated at the time of the November 2010 compliance hearing. The State therefore has

not contested Boles's argument on appeal.  We agree that the trial court erred by finding

Boles in direct contempt and therefore reverse the contempt finding.[1]

Reversed.

RILEY, J., and BAILEY, J., concur.

---

[1] Boles does not request any relief in regards to credit for the time he served prior to the compliance hearing.